Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA MONTINOLA,<br><br>*Plaintiff*,<br><br>v.<br><br>SYNCHRONY BANK,<br><br>*Defendant*. | Civil Action No.<br>17-8963<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Maria Montinola ("Plaintiff") believes that she received "harassing" calls in violation of the Telephone Consumer Protection Act. Defendant Synchrony Bank ("Synchrony" or "Defendant") moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 8. Plaintiff submitted a brief in opposition, D.E. 10, to which Defendant replied, D.E. 13.[1] The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **GRANTED**.

I. **BACKGROUND**

Plaintiff is a New Jersey resident. Complaint ("Compl.") ¶ 1; D.E. 1. Defendant is a business entity headquartered in Utah. *Id.* ¶ 2. At some point in July 2017, Plaintiff started receiving cellular phone calls from Defendant. *Id.* Defendant called Plaintiff on "consecutive

---

[1] In this Opinion, Defendant's motion to dismiss (D.E. 8) will be referred to as "Def. Brf." Plaintiff's brief in opposition (D.E. 10) will be referred to as "Pl. Opp." Defendant's reply brief (D.E. 13) will be referred to as "Def. Rep."

days, at least twice per day, including mornings, nights and weekends." *Id.* ¶ 11. Plaintiff alleges that these calls concerned her credit card account and were not for emergency purposes. *Id.* ¶¶ 9-10. She adds that "based on the frequency, number, nature and character of these calls, Defendant placed these calls using an automatic telephone dialing system for purposes of the TCPA." *Id.* ¶ 12.

On July 7, 2017, Plaintiff told Defendant to stop calling her cell phone. *Id.* ¶ 13. Nevertheless, Defendant continued to call at the same frequency. *Id.* ¶ 14-15. Plaintiff estimates that Defendant called her cell phone "at least one hundred thirty-three (133) times." *Id.* ¶ 16. Plaintiff believes Defendant used an automatic telephone dialing system ("ATDS") to place each of these calls. *Id.* ¶ 17. Plaintiff never consented to Defendant using an ATDS to contact her. *Id.* ¶ 19. Plaintiff claims Defendant's calls harassed and annoyed her. *Id.* ¶ 23.

On October 23, 2017, Plaintiff filed her Complaint. D.E. 1. The Complaint alleges one count pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Compl. ¶¶ 24-25. Plaintiff seeks statutory damages. *Id.* Defendant's then filed the current motion to dismiss.

II.  **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability

requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III. <u>LAW AND ANALYSIS</u>

Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls. *See Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 372 (2012); *Daubert v. NRA Group*, LLC, 861 F.3d 382, 389 (3d Cir. 2017). Section 227(b)(1)(A) of the TCPA prohibits the use of an automatic telephone dialing system[2] or a prerecorded voice to place calls to a cellular phone number without the called party's prior, and express consent.[3] In addition, Section

---

[2] Section 227 defines "automatic telephone dialing system" as "equipment which has the capacity -- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227

[3] "The TCPA's prohibition on automated dialing applies to both voice calls and text messages." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n.2 (3d Cir. 2013) (citing *In re Rules &*

3

227(b)(3) provides that "[a] person or entity" may bring an action to enjoin a violation of the TCPA or to recover actual damages or "$500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3). Thus, to state a claim under this provision, a plaintiff must plead that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Sieleman v. Freedom Mortg. Corp.*, No. 17-13110, 2018 WL 3656159, at *5 (D.N.J. Aug. 2, 2018) (quoting *Martinez v. TD Bank USA*, No. 15-7712, 2017 WL 2829601, at *4 (D.N.J. 2017))

To plausibly plead a claim under the TCPA, "[p]laintiffs must do more than simply parrot the statutory language." *Snyder v. Perry*, No. 14-2090, 2015 WL 1262591, at *8 (E.D.N.Y. Mar. 18, 2015) (quotation omitted); *Todd v. Citibank*, No. 16-5204, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017). While Plaintiff does not need to provide precise details as to each of the telephone calls, she must provide enough information to put Defendant on notice of the allegedly offending messages. *See Johansen v. Vivant, Inc.*, No. 12-7159, 2012 WL 6590551, at *2 (N.D. Ill. Dec. 18, 2012) (finding that the plaintiff's providing of dates for two received phone calls was sufficient to put the defendant on notice, despite there being additional messages that the plaintiff did not include). Additionally, a plaintiff "must at least describe, in laymen's terms, the facts about the calls or the circumstances surrounding the calls that make it plausible that they were made using an [automated telephone dialing system]." *Baranski v. NCO Fin. Sys., Inc.*, No. 13-6349, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014).

Here, Defendant does not dispute that Plaintiff sufficiently pled the first and third elements of a TCPA claim. Instead, Defendant moves to dismiss the Complaint because Plaintiff failed to

---

*Regulations Implementing the TCPA of 1991*, 27 F.C.C. Rcd. 15391, 15392 (F.C.C. Nov. 29, 2012)).

plausibly plead the second element of a TCPA claim—that Defendant used an ATDS to place its calls. Def. Brf. at 3. To that end, Defendant asserts that Plaintiff makes a conclusory allegation that Defendant used an ATDS without providing any factual support for that allegation. *Id.* In opposition, Plaintiff argues that Complaint alleges sufficient facts for the Court to infer that Defendant used an ATDS. In particular, Plaintiff claims that the Complaint's allegations concerning the timing and number of calls Plaintiff received support finding Defendant used an ATDS.

The Court agrees with Defendant that Plaintiff has not plausibly pled the required element of ATDS use. It is true that at this stage in litigation it would be difficult for Plaintiff to conclusively show that Defendant used an ATDS to place its calls before discovery. *Johansen*, 2012 WL 6590551, at *3 (holding that "it is unreasonable to require a plaintiff in a TCPA complaint, without the benefit of discovery, to elaborate on the specific technical details of a defendant's alleged ATDS, such as what type of machines were used to make a call or how those machines functioned"). However, Plaintiff nevertheless must allege facts that would allow the Court to plausibly infer that Defendant used an ATDS. *Todd*, 2017 WL 1502796, at *6.

Courts within this district have found that varied factual allegations may give rise to an inference that a defendant used an ATDS to place calls. *Sieleman v. Freedom Mortg. Corp.*, No. 17-13110, 2018 WL 3656159, at *6 (D.N.J. Aug. 2, 2018) (finding a plausible inference of ATDS use when the plaintiff alleged that on the calls "he would hear a noticeable pause/delay" and a message would play encouraging him "to refinance his mortgage with [the defendant]" and that the defendant's website stated it used ATDS to contact customers); *Todd*, 2017 WL 1502796, at *6 (inferring that the defendant used an ATDS from the plaintiff's allegations that "she heard a *silence* before a recording began" and the "recording was a pre-recorded voice stating that

5

[p]laintiff's husband, Joseph Todd, should call [d]efendant at 800 298 6359 and enter a 'key code' number to hear a message"); *Carrera v. Major Energy Servs., LLC*, No. 15-3208, 2016 WL 7183045, at *2 (D.N.J. Mar. 29, 2016) (finding the use of an ATDS plausibly pled when the plaintiff alleged that after answering the defendant's calls he heard a brief pause before a live operator got on the line and started speaking).

Plaintiff states that sometime in July 2017 Defendant began calling her about a credit card account. On July 7, 2017, Plaintiff told Defendant to stop calling her. Defendant ignored this instruction and continued calling Plaintiff, often more than once a day. Plaintiff believes Defendant called her at least 133 times within a short period of time.[4] These allegations, however, do not lead to a reasonable inference that Defendant used an ATDS. For example, Plaintiff does not provide any factual allegation as to whether there was a pause at the beginning of the call, whether the voice on the other end sounded robotic, or whether the calls all came from the same number. The Court is not ruling that Plaintiff must make one or more of these specific allegations to state a plausible claim, but she must allege sufficient facts for the Court to reasonably infer that Defendant used an ATDS. Without additional factual allegations, the Court cannot find that the Complaint plausibly pleads a TCPA violation.

For these reasons, and for good cause shown,

IT IS on this 28th day of August, 2018,

**ORDERED** that Defendant's motion to dismiss (D.E. 8) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (D.E. 1) is **DISMISSED without prejudice**; and it is further

---

[4] The Complaint fails to indicate over what approximate time period Plaintiff received the calls.

**ORDERED** that Plaintiff has thirty (30) days to file an Amended Complaint, if she so chooses, consistent with this Opinion and in accordance with Local Civil Rule 15.1;

                                                                                           _____
                                                                                            John Michael Vazquez, U.S.D.J.